1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SUNRIVER TRADING COMPANY LIMITED, a California corporation dba Sunriver Sales,** ) ) ) | **CV F 08-1824  AWI GSA** |
| ) | **ORDER ON PLAINTIFF'S EX** |
| **Plaintiff,** ) | **PARTE APPLICATION FOR** |
| ) | **RIGHT TO ATTACH ORDER** |
| **v.** ) | **AND PREJUDGMENT WRIT** |
| ) | **OF ATTACHMENT** |
| **DOUBLE D TRADE COMPANY, LLC.,** ) | |
| **a Washington Limited Liability company;)** | |
| **and Does 1 through 20, inclusive,** ) | Document # 8 |
| ) | |
| **Defendants**. ) | |
| _____ ) | |

This is an action pursuant to the Perishable Agricultural Commodities Act ("PACA") by plaintiff Sunriver Traiding Co. Ltd. ("Plaintiff") against Double "D" Trade Company, LLC ("Defendant") arising out of Defendant's failure to pay the agreed price for a shipment of two containers of oranges.  The administrative procedure provided by PACA produced a default judgment in favor of Plaintiff for a total sum of $18, 468.00, plus interest and fees.  In the instant motion , Plaintiff seeks *ex parte* an order for right to attach and a prejudgment writ of attachment pursuant to California Code of Civil Procedure 485.010, et seq.[1]  Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1337.  Venue is proper in this court.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This action arises out of the sale by Plaintiff of two containers of Oranges to Defendant

---

[1]      References to section numbers hereinafter refer to sections of the California Code of Civil Procedure unless otherwise specified.

for shipment to Vladivostok, Russia, pursuant to a sales contract.  Plaintiff performed its

portion of the contract by delivering the oranges to the Port of San Pedro for shipment.

Defendant took possession of the shipment and transported the oranges to Vladivostok where

the shipment was accepted.  Defendant refused to tender payment in violation of the sales

agreement and in violation of the PACA as set forth at 7 U.S.C. § 499b(4).

On June 18, 2008, Plaintiff filed an administrative complaint before the United States

Department of Agriculture pursuant to 7 U.S.C. §499f.  Although Defendant was served with

the complaint, Defendant failed to respond and a default order and reparation award in the

sum of $18,468.00 plus fee and interest was issued on October 9, 2008.  Plaintiff's action was

commenced in this court on November 25, 2008.

## LEGAL STANDARD

Rule 64 of the Federal Rules of Civil Procedure provides, in pertinent part, that "all

remedies providing for seizure of person or property for the purpose of securing satisfaction of

the judgment ultimately to be entered in the action are available under the circumstances and

in the manner provided by the law of the state in which the district court is held . . . ."  Fed. R.

Civ. P. 64.  Thus, Rule 64 "permits state seizure provisions to be used in federal courts . . ."

Reebok Int'l v. Marnatech Enters., 970 F.2d 552, 558 (9th Cir. 1992); Pos-A-Traction, Inc. v.

Kelly-Springfield Tire Co., 112 F.Supp.2d 1178, 1181 (C.D. Cal. 2000) (noting that Rule 64

incorporates state law for prejudgment seizures of property).  Among the specific seizure

remedies provide by Rule 64 are arrest, attachment, garnishment, replevin and sequestration.

In the instant request, plaintiff seeks an order for right of attachment and writ of

attachment on an *ex parte* basis.  The procedure for obtaining a writ of attachment under

California Law is set forth beginning at section 485.010, which provides, in pertinent part,

that:

> [N]o right to attach order or writ of attachment may be issued pursuant to this
> chapter unless it appears from facts shown by affidavit that great or irreparable
> injury would result to the plaintiff if issuance of the order were delayed until
> the matter could be heard on notice.

2

Section 485.010(a).  Subdivision (b)(1) provides that the requirements of subdivision (a) are met if either:

> (1)  Under the circumstances of the case, it may be inferred that there is a danger that the property sought to be attached would be concealed, substantially impaired or otherwise made unavailable to levy if issuance of the order were delayed until the matter could be heard on notice
>
> (2) Under the circumstances of the case it may be inferred that the defendant has failed to pay the debt underlying the requested attachment and the defendant is insolvent in the sense that the defendant is generally not paying his or her debts as those debts become due, unless the debts are subject to a bona fide dispute.  Plaintiff's affidavit filed in support of the ex parte attachment shall state, in addition to the requirements of Section 485.530, the known undisputed debts of the defendant , that the debts are not subject to bona fide dispute and the basis for plaintiff's determination that the defendant's debts are undisputed.

A court shall issue a right to attach order and shall order "a writ of attachment to be issued upon the filing of an undertaking as provided by Sections 589.210 and 489.220, if it finds all the following:

1.   The claim upon which the attachment is based is one upon which an attachment may be issued.

2.   The plaintiff has established the probable validity of the claim upon which the attachment is based.

3.   The attachment is not sought for a purpose other than the recovery upon the claim upon which the attachment is based.

4.   The affidavit accompanying the application shows that the property sought to be attached, or the portion thereof to be specified in the writ, is not exempt from attachment.

5.   The plaintiff will suffer great or irreparable injury (within the meaning of Section 485.010) if issuance of the order is delayed until the matter can be heard on notice.

6.   The amount to be secured by the attachment is greater than zero.

Section 485.220.

With respect to the writ of attachment, California's attachment statutes are strictly

1  construed.  See Pos-A-Traction, Inc. v. Kelly-Springfield Tire Co., 112 F. Supp. 2d 1178,

2  1181 (C.D. Cal. 2000); Hobbs v. Weiss, 73 Cal.App.4th 76, 79-80 (1999).

## DISCUSSION

### I.  The Underlying Claim is One Upon Which an Attachment May Be Issued

The underlying claim is for non-payment on a contract for a sale of a perishable

agricultural product coming with the scope of the PACA.  Pursuant to 7 U.S.C. § 499e, the

claimant is entitled to both the administrative procedure provided by the PACA and to "all

remedies now existing at common law or by statute." § 499e(b).  Pursuant to section 483.010

"an attachment may be issued only in an action on a claim or claims for money, each of which

is based upon a contract, express or implied, where the total amount of such claim is a fixed or

readily ascertainable amount not less than five hundred dollars ($500) exclusive of costs,

interest and attorney's fees." Cal. Code Civ. Pro. § 483.010(a).

Here, the claim arises from an express contract for a fixed amount of money.  The

court therefore finds Plaintiff's claim is a claim upon which an attachment may be issued.

### II.  Probable Validity of the Claim is Established

Plaintiff submitted his claim to the Department of Agriculture pursuant to the

administrative procedures available under PACA.  The adjudicative body determined that

Defendant had violated section 2 of the PACA and that Plaintiff was entitled to an award of

the amount of the claim in this action, plus interest.  Doc. # 8-3 at 3.  The court takes judicial

notice of Plaintiff's PACA claim and of the decision by the Secretary of Agriculture awarding

Plaintiff the sum of $18,468.00 plus fees and interest.  See Barron v. Reich, 13 F.3d 1370,

1377 (9th Cir. 1994) (district court does not err in taking judicial notice of records and reports

of administrative bodies).  Based on the Secretary of Agriculture's award under the PACA,

and on interest and fees accumulated since the award by the Secretary of Agriculture, the court

finds Plaintiff has carried his burden to show the probable validity of his claim in the total sum

of $21,468.94.

4

**III.  Attachment is Not Sought For Any Other Purpose**

Plaintiff is a producer of oranges.  Defendant is a dealer within the meaning of 7 U.S.C. § 499a(b)(6).  So far as the court can determine from the information before it, there is no relationship between Plaintiff and Defendant other than that arising from the contract for the sale of oranges that is the basis for Plaintiff's claim.  Plaintiff's application for attachment sets forth the reason for the request and provides no basis for the court to conclude there is any purpose other than that stated by Plaintiff for the request.  The court therefore finds that Plaintiff's application for attachment has no purpose other than the purpose of securing payment of the amount owed by Defendant to Plaintiff.

**IV.  Property to be Attached not Exempt from Attachment**

Section 485.210 provides that an application for a writ of attachment be supported by an affidavit that makes three showings: (1) that the plaintiff is entitled to a judgment on the claim; (2) that the plaintiff would suffer great or irreparable injury if the request were not granted on an *ex parte* basis; and (3) that the property sought to be attached is not exempt from attachment.  Generally, property that is exempt from attachment is property that is not subject to attachment pursuant to section 483.010.  In other words, property that is the subject of a claim that is *not* based upon a contract, express or implied, where the total amount of such claim is *not* a fixed or readily ascertainable amount or *is* less than five hundred dollars is exempt from attachment.  In addition, section 483.010, subdivisions (b) and (c) provide that attachment may not be issued as to certain types of interests in real property and certain types of claims against individuals.  Neither exemption applies in this case.

The affidavits submitted in support of Plaintiff's request for attachment state that the property that is sought to be attached (Defendants bank account or portion thereof) is not exempt from attachment.  The court finds that, in light of the Plaintiff's affidavits and in light of other evidence before the court indicating that the property to be attached *is* appropriate for attachment, Plaintiff has adequately stated in his affidavits that the property sought to be

1    attached is not exempt from attachment.

2    **V.  Great or Irreparable Injury**

3         The declaration of Brian Frost, which is submitted in support of Plaintiff's request,

4    states that "[o]n November 5, 2008, Defendant's manager, Igor Ryaboshapka, informed me

5    that the bulk of Defendant's assets were located in Russia and that Plaintiff would not be paid

6    for the oranges. [¶] Based on Defendant's conduct and the circumstances, if Defendant were

7    given prior notice of this hearing, it would take whatever steps were necessary to conceal any

8    assets remaining in the United States to prevent attachment of such assets."  Doc. # 8-3 at ¶¶

9    14-15.

10        Pursuant to section 485.210, the issuance of a writ of attachment requires a showing of

11   great or irreparable injury within the meaning of section 485.010.  Section 485.010, in turn,

12   permits a finding of great or irreparable injury if it is shown that "there is a danger that the

13   property sought to be attached would be concealed, substantially impaired in value, or

14   otherwise made unavailable to levy if issuance of the order were delayed until the matter could

15   be heard on notice."  Section 485.010(b)(1).

16        Plaintiff's claim that he will be subject to irreparable injury if the request is not granted

17   is based on the probability that Defendants will transfer all funds to Russia, that is, beyond the

18   court's jurisdiction, if notice is provided.  Based on Plaintiff's declarations and on the

19   apparent unwillingness of Defendant to submit to procedures intended to resolve Plaintiff's

20   claims, the court finds Plaintiff has carried its burden to show that great harm or irreparable

21   injury would result if the order is delayed until the matter can be heard on notice.

22   **VI.  Amount to be Attached is Greater than Five Hundred Dollars**

23        Plaintiff's claim for $18,468.00 exclusive of costs and attorney fees and interest is in

24   excess of five hundred dollars.

25

26        The court finds Plaintiff has made the necessary showing to be entitled to a right to

27

28                                                    6

attach order and prejudgment writ of attachment.  THEREFORE, it is hereby ORDERED that:

1.      Plaintiff's application for a right to attach order is GRANTED.

2.      Upon posing of an acceptable bond or other form of surety, a writ of sttachment shall issue attaching Defendants funds in the Cowlitz Bank branch located at 1505 North Westlake Ave, Suite 125, Seattle Washington 98109, in the amount of $21,468.94.


IT IS SO ORDERED.

**Dated:    December 22, 2008**                        **/s/ Anthony W. Ishii**
                                                        CHIEF UNITED STATES DISTRICT JUDGE

7